## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| _____ ) | |
| JAMES HALLMAN, ) | |
| Jellinek Strasse 64 ) | |
| 69126 Heidelberg Germany ) | |
| ) | |
| *Plaintiff* ) | |
| ) | Civil Action No. |
| v. ) | |
| ) | |
| MARK T. ESPER, SECRETARY ) | |
| U.S. DEPARTMENT OF ARMY, ) | |
| 1500 Defense Pentagon, ) | |
| Washington, DC 20310 ) | |
| ) | |
| *Defendant* ) | |
| _____ ) | |

## COMPLAINT

Plaintiff James Hallman ("Mr. Hallman" or "Plaintiff") through his attorneys, Clark Law Group, PLLC hereby alleges as follows:

## NATURE OF ACTION

1. This is a challenge to Defendant Department of Army's ("Defendant") unlawful disability discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 *et seq.,* and the Rehabilitation Act of 1973, 29 U.S.C § 701, *et seq.* ("Rehab Act")*.*

## JURISDICTION AND VENUE

2. All of the allegations contained in the foregoing paragraphs of this complaint are incorporated by reference herein as if the same were set forth at length.

3.  This Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and Plaintiff seeks redress for violations of civil rights.

4.  This Court may properly maintain personal jurisdiction over Defendant because Defendant's retains and administers its employment records in Illinois.

5.  Venue is appropriate because Defendant retains and administers Plaintiff's employment records in Illinois.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.  All of the allegations contained in the foregoing paragraphs of this complaint are incorporated by reference herein as if the same were set forth at length.

7.  On October 28, 2015, Plaintiff contacted an EEO counselor.

8.  On January 18, 2016, Plaintiff formalized his complaint wherein Plaintiff described Defendant's unlawful conduct after requesting medical leave for his disability.

9.  On September 12, 2018, Defendant issued its Final Agency Decision ("FAD").

10. Plaintiff has filed this Complaint within ninety (90) days of receipt of the FAD.

11. Accordingly, Plaintiff has administratively exhausted and timely filed his claim against Defendant.

## PARTIES

12. All of the allegations contained in the foregoing paragraphs of this complaint are incorporated by reference herein as if the same were set forth at length.

13. Plaintiff is a citizen of the United States.

14. Defendant is the federal agency with is principle office in the Commonwealth of Virginia.

## FACTUAL ALLEGATIONS

15. All of the allegations contained in the foregoing paragraphs of this complaint are incorporated by reference herein as if the same were set forth at length.

16. Mr. Hallman is a former employee of the Department of the Army, U.S. Army Europe ("USAREUR"), Vehicle Registry Organization, located in Sembach, Germany.

17. Mr. Hallman's position was Deputy Registrar.

18. Mr. Hallman's supervisor was Thomas Lorenzini.

19. In 2015, Mr. Hallman suffered from depression.

20. Depression is a mental health impairment that substantially limited Mr. Hallman's concentrating, thinking and interacting with others.

21. Mr. Lorenzini knew that Mr. Hallman had depression.

22. Mr. Lorenzini told Mr. Hallman that depression should only last one to two weeks.

23. On information and belief, Mr. Lorenzini perceived Mr. Hallman's depression to be a disability.

**Mr. Hallman Requests Leave for His Depression**

24. Between June 26, 2015 and July 6, 2016, Mr. Hallman was experiencing a flare up of his disability and was absent from work.

25. Mr. Hallam's depression was so severe that he was hospitalized for five days.

26. On July 6, 2015, Mr. Hallman submitted a doctor's note explaining his absences to Mr. Lorenzini, requested that his absences be designated as sick leave, and requested additional leave for his depression until July 24, 2015.

27. Plaintiff's requests for leave were requests for accommodation.

28. Mr. Lorenzini denied Mr. Hallman's request to have his past absences for his depression designated as sick leave and marked Mr. Hallman absent without leave ("AWOL").

29. Mr. Lorenzini admitted to Defendant's EEO investigator that he was unable to take administrative action against Mr. Hallman for his failure to report to work while on sick leave because he had a doctor's note, thereby evidencing animus for Mr. Hallman's disability and requests for accommodation.

### After Receiving Mr. Hallman's Accommodation Requests, Mr. Lorenzini Told Mr. Hallman That He Was Going to Eliminate His Position

30. On July 6, 2015, Mr. Lorenzini told Mr. Hallman that he was going to eliminate Mr. Hallman's position through a "Business Based Action" ("BBA") and "be ride of you," unless Mr. Hallman retired.

31. In reality, there was no BBA action pending on Mr. Hallman's position.

32. In response to Mr. Lorenzini, Mr. Hallman reasonably began the process of retiring by preparing necessary paperwork and talking to administrative personnel.

33. In or around early August 2015, Mr. Hallman inquired whether the effective date of his retirement could be November 30, 2015 to permit him time to ship his property to the United States.

34. On or around August 10, 2015, Mr. Lorenzini exclaimed: "Stop playing games, if you don't retire on October 31, 2015, I will BBA your position earlier and place you on administrative leave without pay until it takes effect."

35. Mr. Hallman's retirement request was submitted by Human Resources Specialist Timothy R. Mattox and authorized by Mr. Lorenzini on September 22, 2015.

36. Defendant hired a new Deputy Registrar, Shawn Driscoll, to replace Mr. Hallman on October 5, 2015.

37. On information and belief, Mr. Driscoll was not disabled.

**Mr. Hallman's EEO Complaint**

38. On October 28, 2015, Plaintiff contacted an EEO counselor alleging that he was being discriminated against.

39. On January 18, 2016, Mr. Hallman submitted a formal complaint of discrimination describing how Mr. Lorenzini threatened to eliminate his position after requesting additional leave for his depression.

40. Despite being aware that the discriminatory conduct asserted by Mr. Hallman arose after requesting leave for his depression, the EEO investigator only had Mr. Hallman check the age box on his formal complaint.

41. A reasonable investigation of Mr. Hallman's formal complaint would have included an investigation of disability discrimination and retaliation for requesting an accommodation.

42. The investigation of Mr. Hallman's formal complaint did include facts related to a claim of disability discrimination and retaliation for requesting an accommodation, including statements by Plaintiff about his depression and Mr. Lorenzini's response to Plaintiff's doctor's note seeking for leave for his depression.

**After Learning of Mr. Hallman's EEO Complaint,**
**Defendant Denied Him Access to Facilities and Personnel**

43. On information and belief, Mr. Hallman's management was informed of Mr. Hallman's complaint shortly after Plaintiff contacted his EEO counselor.

44. On December 11, 2015, Mr. Driscoll sent out an email to employees of the Vehicle Registry Organization that "Official contact with Mr. Hallman is to be coordinated through me".

45. As a result of this instruction, Mr. Hallman was denied access to the Vehicle Registry Organization personnel on January 27, 2016.

46. Mr. Hallman was unable to access the Vehicle Registry Organization's customer service specialist to obtain documents related to his personal vehicle and to clear his firearms consistent with Defendant's practice with other former employees and other visitors.

## COUNT I: DISABILITY DISCRIMINATION

47. All of the allegations contained in the foregoing paragraphs of this complaint are incorporated by reference herein as if the same were set forth at length.

48. In 2015, Mr. Hallman suffered from depression.

49. By or before June 26, 2015, Mr. Hallman requested leave because of his depression.

50. On July 6, 2015, Mr. Hallman requested additional leave for his depression to Mr. Lorenzini.

51. Mr. Lorenzini perceived Mr. Hallman to be disabled.

52. On or around July 6, 2015, Plaintiff's supervisor Mr. Lorenzini told Mr. Hallman that he was going to eliminate his position unless Mr. Hallman retired.

53. Based on this representation, Mr. Hallman retired.

54. Mr. Hallman's retirement was a constructive discharge.

55. Mr. Hallman's position was not eliminated.

56. Defendant replaced Mr. Hallman with a non-disabled employee.

57. Defendant constructively discharged Mr. Hallman because of his disability in violation of the ADA and Rehab Act.

58. Defendant constructively discharged Mr. Hallman because of his perceived disability in violation of the ADA and Rehab Act.

## COUNT II: RETALIATION

59. All of the allegations contained in the foregoing paragraphs of this complaint are incorporated by reference herein as if the same were set forth at length.

60. On July 6, 2015, Mr. Hallman requested leave for his depression to Mr. Lorenzini.

61. Mr. Hallman's request for leave because of his depression was a request for accommodation.

62. The same day that Mr. Hallman requested leave, Mr. Lorenzini told Mr. Hallman that he was going to eliminate his position unless Mr. Hallman retired.

63. Based on this representation, Mr. Hallman retired.

64. Mr. Hallman's retirement was a constructive discharge.

65. Mr. Hallman's position was not eliminated.

66. Defendant constructively discharged Mr. Hallman because of his accommodation request in violation of the ADA and Rehab Act.

67. Mr. Hallman contacted an EEO counselor on October 28, 2015 to submit a complaint of discrimination, thereby engaging in protected activity.

68. On information and belief, Defendant's management was notified of the complaint shortly thereafter.

69. Defendant restricted Mr. Hallman's access to the Vehicle Registry Organization's building and personnel inconsistent with its practices towards other former employees and visitors to the office.

70. Defendant restricted Mr. Hallman's access because of his protected activity in violation of the ADA and Rehab Act.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff respectfully requests this Court to enter judgment in his favor and award the following relief:

A. An Order declaring that Defendant's actions and omissions violated Plaintiff's rights under ADA and Rehab Act.

B. Award Plaintiff back pay and compensatory damages for his emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary and nonpecuniary losses in an amount to be determined by the jury;

C. Award Plaintiff reinstatement, or in the alternative, front pay;

D. Award Plaintiff reasonable attorneys' fees and court costs; and

E. Award Plaintiff such other equitable relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for any and all issues of fact.


Date: December 19, 2018

Respectfully submitted,

/s/ Denise M. Clark
Denise M. Clark (6196006)
Clark Law Group, PLLC
1100 Connecticut Ave., N.W.
Suite 920
Washington, D.C. 20036
(202) 293-0015
dmclark@benefitcounsel.com